IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL YAKKEY,

          Plaintiff,

v.

METRO MART USA and JOHN DOE, as Owner of Metro Mart USA,

          Defendant.

1:17-cv-136-WSD

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Daniel Yakkey's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

On January 12, 2017, Plaintiff, represented by counsel, filed his application for leave to proceed *in forma pauperis* [1]. On January 13, 2017, Magistrate Judge J. Clay Fuller granted Plaintiff's application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a paraplegic and uses a wheelchair for mobility. Plaintiff alleges that, around December 2015, Plaintiff visited Defendant Metro Mart USA

("Metro Mart"), that he was unable to use the restroom because his wheelchair did not fit through the restroom entryway, and that he had to relieve himself in his wheelchair.  Plaintiff asserts the following claims:  (1) violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq., (2) negligence *per se* under O.C.G.A. § 51-1-6, and (3) negligent infliction of emotional distress.  Plaintiff seeks compensatory damages, attorneys' fees, and injunctive relief to alter the Metro Mart facilities to make them readily accessible to, and usable by, individuals with disabilities.

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

    B.    Analysis

"In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that [plaintiff] is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied [plaintiff] full and equal enjoyment of the goods, services, facilities or privileges

offered by defendant (4) on the basis of [plaintiff's] disability." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1299 (11th Cir. 2005)(quoting Larsen v. Carnival Corp., Inc., 242 F. Supp. 2d 1333, 1342 (S.D. Fla. 2003)).  Plaintiff alleges that he is an individual with a disability, that Metro Mart provides accommodations to the public and is thus a place of public accommodation, and that Metro Mart denied Plaintiff full and equal enjoyment of its restrooms on the basis of Plaintiff's disability.  At this preliminary stage of the case, the Court finds that Plaintiff's ADA claim should be allowed to proceed.

The Court next considers Plaintiff's claim for negligence *per se* under O.C.G.A. § 51-1-6.  Section 51-1-6 provides:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

O.C.G. A. § 51-1-6.  "Section 51-1-6 allows an individual to assert a tort claim for the violation of a legal duty where a cause of action does not otherwise exist." Higdon v. Jackson, 393 F.3d 1211, 1221 (11th Cir. 2004).  In Higdon, the Eleventh Circuit held that, because Title II of the ADA provided the plaintiff a cause of action, which she asserted, Section 51-1-6 did not allow her to pursue duplicative remedies for an alleged violation of federal law.  Here, Plaintiff asserts a cause of

action under Title III of the ADA, and Section 51-1-6 does not allow her to pursue a duplicative remedy.  Accordingly, Plaintiff's negligence *per se* cause of action under Section 51-1-6 is dismissed.

Turning to Plaintiff's final claim, under Georgia law, for negligent infliction of emotional distress, the plaintiff must allege that the defendant's conduct resulted in "some impact on the plaintiff, and that impact must be a physical injury." Ryckeley v. Calloway, 412 S.E.2d 826 (Ga. 1992).  The impact rule has three elements:  (1) physical impact to the plaintiff; (2) the impact causes physical injury to the plaintiff; and (3) the physical injury causes the plaintiff's mental suffering or emotional distress.  Holbrook v. Stansell, 562 S.E.2d 731, 733 (Ga. Ct. App. 2002). Plaintiff alleges that, because of the Defendants' negligent action, Plaintiff "was forced to sit in pain and discomfort," that he "felt he might damage his bladder" or other organs, "which caused him to fear for his personal safety."  (Compl. ¶¶ 32-34).  He alleges that he "was unable to continue holding his bladder, and as a result was forced to relieve himself in his wheelchair, causing Plaintiff significant mental anguish and emotional distress."  (Id. ¶ 35).  It appears Plaintiff alleges he has been physically impacted, that the impact caused him pain, and that the pain caused him mental suffering.  In light of these allegations and the preliminary stage

of this case, the Court finds that Plaintiff's negligent infliction of emotional distress claim should be allowed to proceed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's ADA and negligent infliction of emotional distress claims are **ALLOWED TO PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff's negligence *per se* claim is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is **DIRECTED** to send Plaintiff copies of a USM 285 form, summons, and initial disclosures form.  Plaintiff is **DIRECTED** to complete the USM 285 form, the summons, and the initial disclosures form and return one for Defendant to the Clerk of Court within twenty (20) days of the entry date of this Order.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.  Plaintiff is warned that if he fails to provide accurate address information to the Clerk of Court for Defendant or fails to return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order, this action may be dismissed for failure to obey a lawful order of the Court.  See LR 41.3 A.(2), N.D. Ga.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant.  The service waiver package must include, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the Complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms and the summons.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant.  Defendant has a duty to avoid unnecessary costs of serving the summons.  If Defendant fails to comply with the request for waiver of service, the Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the USMS a service package.  The service package must include the USM 285 form,

the summons, and one (1) copy of the Complaint.  Upon receipt of the service package, the USMS is **DIRECTED** to personally serve Defendant.  The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

**SO ORDERED** this 24th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE